UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**DELBERT MARK BUSTOS,**
**(Tarrant No. 0287555),**
    **Plaintiff,**

vs.                                              Civil Action No. 4:21-CV-587-P

**TARRANT COUNTY, TEXAS, et al,**

    **Defendants.**

### OPINION and ORDER OF PARTIAL DISMISSAL
### UNDER 28 U.S.C. §§ 1915A & 1915(e)(2)(B)

The case is before the Court for review of pro-se-inmate/plaintiff Delbert Mark Bustos's ("Bustos") operative pleadings under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). After conducting that review, the Court finds that Bustos's claims under 42 U.S.C. § 1983 against some defendants must be dismissed under authority of these provisions.

### BACKGROUND

Bustos initiated this case with the filing of a civil-rights complaint form with attachments. Compl. 1-12, ECF No. 2. The Court issued an order noting deficiencies in Bustos's original complaint, and directed him to file an amended complaint which he did. ECF Nos. 16, 21. Although the Court had advised Bustos that an amended complaint supersedes and replaces a complaint, Bustos filed an amended complaint that was only five-pages long with numerous exhibits. ECF No. 21. As such, the Court then ordered Bustos to answer the Court's particular questions in the form of a more definite statement, and Bustos complied. Ord. for More Definite Statement (MDS), ECF No. 23; MDS, ECF No. 26.

In the amended complaint, Bustos expressly names as defendants Tarrant County, Texas, the City of Fort Worth, Texas, and Bill E. Waybourn, Sheriff, Tarrant County, Texas. Am. Compl. ECF No. 21. Bustos contends that he has sought and been denied or delayed care at the Tarrant County jail for psychiatric treatment, for medical care, and for dental treatment in the form of dentures since his last teeth were removed while in the jail. *Id.* at 1-5. Bustos seeks an order directing that he be

provided treatment for these medical and dental conditions, and he also seeks monetary damages. *Id*. at 3.

In the more definite statement, Bustos recites several more particular delays in his medical and dental treatment, and he sets forth allegations that those delays resulted from customs or policies of Tarrant County, Texas. MDS 2-17, ECF No. 26. He also clarified the basis for his claims against Bill Waybourn. *Id*. at 15-16. Bustos also expressly informed the Court that he wished to drop the City of Fort Worth, Texas as a defendant. *Id*. at 10.

**LEGAL STANDARD OF REVIEW UNDER §§ 1915A & 1915(e)(2)(B)**

Plaintiff Bustos is an inmate who has been permitted to proceed in forma pauperis. As a part of the Prison Litigation Reform Act ("PLRA"), Congress enacted 28 U.S.C. § 1915A, which requires a district court to review a complaint from a prisoner seeking relief from a governmental entity, officer, or employee as soon as possible after docketing. *See* 28 U.S.C.A. § 1915A(a). Because Bustos is proceeding in-forma-pauperis, his complaint is also subject to screening under 28 U.S.C. § 1915(e)(2). Both § 1915(e)(2) and § 1915A provide for *sua sponte* dismissal of the complaint or any portion thereof, if it is frivolous, malicious, fails to state claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C.A. §§ 1915(e)(2)(B) and 1915A(b).

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lack an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id*. at 327-28. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

## ANALYSIS

**A. Lack of Sufficient Personal Involvement - No Respondeat Superior**

When Bustos filed this action on a prisoner complaint form, he invoked the Court's federal question jurisdiction by seeking relief against the defendants under 42 U.S.C. § 1983.[1] Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.* A claim of liability for violation of rights under 42 U.S.C. § 1983, regardless of the particular constitutional theory, must be based upon allegations of personal responsibility. *See Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992) ("[A] plaintiff bringing a section 1983 action must specify the personal involvement of each defendant"); *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986) ("In order to successfully plead a cause of action in § 1983 cases, plaintiffs must enunciate a set of facts that illustrate the defendants' participation in the wrong alleged"); *Douthit v. Jones*, 641 F.2d 345 (5th Cir.1981) (a state actor may be liable under § 1983 only if he "was personally involved in the acts causing the deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation.") A supervisory official, like Sheriff Waybourn, cannot be held liable pursuant to § 1983 under any theory of vicarious liability simply because an employee or subordinate allegedly violated the plaintiff's constitutional rights. *See Alton v. Texas A & M University*, 168 F.3d 196, 200 (5th Cir.1999); *see also Baskin v. Parker*, 602 F.2d 1205, 1208 (5th Cir.1979). Such officials may be liable when enforcement of a policy or practice results in a deprivation of a federally protected right. *Alton*, 168 F.3d at 200 (citing *Doe v. Dallas Ined. Sch. Dist.*, 153 F.3d 211, 215-16 (5th Cir. 1998)).

As set forth in portions of Bustos's more definite statement, he contends that he named Bill Waybourn as a defendant because a Court commitment order assigned

---

[1]. "Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. § 1983.

him to the "Sheriff of Tarrant County, Texas . . . [to] hold the accused [Bustos] in the Tarrant County jail to be kept safely until legally discharged as required by law." MDS at 15, ECF No. 26. He further alleges that Waybourn is "ultimately responsible for the overall day to day working of the Tarrant County, Jail." *Id*. Yet, Bustos also expressly writes "Plaintiff must admit that he has no personal knowledge of Sheriff Waybourn being personally involved with any of the allegations." *Id*. at 16. Thus, the only allegations against Bill Waybourn in this case are based on claims that he is responsible for the actions of other officials of the jail under the doctrine of respondeat superior. *Id*. at 15-16. Thus, any claim against Bill Waybourn must be dismissed.

**B. Lack of Involvement – No Basis for Claim Against Fort Worth, Texas**

Moreover, although Bustos separately named the City of Fort Worth, Texas as a defendant in his amended complaint, upon answer to the Court's further inquiry, Bustos admitted that he would "drop the City of Fort Worth as a separate defendant." MDS 10, ECF No. 26. Thus, any claim against the City of Fort Worth, Texas must also be dismissed.

## SERVICE OF REMAINING CLAIMS

As noted above, Bustos also alleges claims against Tarrant County, Texas for violations of his constitutional right not to be subject to cruel and unusual punishment, and he alleges that delays in the provision of medical, mental health, and dental care resulted from customs or policies of Tarrant County, Texas. Am. Compl. 4-6, ECF No. 21; MDS 2-17, ECF No. 26. Bustos has alleged facts against Tarrant County, Texas that form an arguable claim for relief. Thus, the Court will allow service of Bustos's remaining claim upon defendant Tarrant County, Texas through the assistance of the officers of the Court under 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c) (3). *See Rochon v. Dawson*, 828 F.2d 1107, 1109-1110 (5th Cir.1987).[2]

## CONCLUSION & ORDER

It is therefore **ORDERED** that all of plaintiff Delbert Mark Bustos's claims against defendants City of Fort Worth, Texas, and Sheriff Bill Waybourn are

---

[2]. A separate order will issue regarding service of the remaining claims upon Tarrant County, Texas.

**DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915A(b)(i) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

**SO ORDERED** this **12th day** of **May, 2022**.

*/s/ Mark T. Pittman*

Mark T. Pittman
UNITED STATES DISTRICT JUDGE

5