UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

DELBERT MARK BUSTOS,
(Tarrant No. 0287555),

                    **Plaintiff,**

V.                                        Civil Action No. 4:21-CV-587-P

TARRANT COUNTY, TEXAS, et al.,

                    **Defendants.**

## OPINION and ORDER GRANTING MOTION TO DISMISS

Now pending is the motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) and incorporated brief filed by remaining defendant Tarrant County, Texas. Mot. Dismiss, ECF No. 39. Plaintiff Delbert Mark Bustos ("Bustos") has not filed any response. After considering the relief sought by Bustos, the record, the briefing and the applicable law, the Court finds that the motion to dismiss of remaining defendant Tarrant County, Texas must be **GRANTED**, and all Plaintiff Bustos's remaining claims dismissed.

## I.    BACKGROUND

Bustos filed this action on April 23, 2021. Compl. 1–12, ECF No. 2. He alleged that he had been incarcerated in the Tarrant County Jail "since approximately October 10th of 2020," and he complained he was "being denied timely MHMR, dental, and medical treatment." *Id* at 4–5. The Court issued an order noting deficiencies in Bustos' original complaint, and directed him to file an amended complaint, which he did. Order, ECF No. 16; Am. Compl. ECF No. 21. Although the Court had advised Bustos that an amended complaint supersedes and replaces a complaint, Bustos's amended complaint was only five pages long with numerous exhibits. Am. Compl. ECF No. 21. As such, the Court ordered Bustos to answer the Court's particular questions in the form of a more definite statement ("MDS"), and Bustos complied by filing an MDS. MDS, ECF No. 26. Thus, Bustos's operative pleadings in this case are his amended complaint and the MDS.

In the amended complaint, Bustos expressly named as defendants Tarrant County, Texas, the City of Fort Worth, Texas, and Bill E. Waybourn, Sheriff, Tarrant County, Texas. Am. Compl. ECF No. 21. Bustos contends that he sought and has been denied or delayed care at the Tarrant County Jail for psychiatric treatment, for medical care, and for dental treatment in the form of dentures since his last teeth were removed while in the jail. *Id.* at 1–5. Bustos seeks an order directing that he be provided treatment for these medical and dental conditions, and he also seeks monetary damages. *Id*. at 3.

In the MDS, Bustos recited several more particular delays in his medical and dental treatment, and he set forth allegations that those delays resulted from customs or policies of Tarrant County, Texas. MDS 2–17, ECF No. 26. He also clarified the basis for his claims against Bill Waybourn. *Id*. at 15–16. Bustos also expressly informed the Court that he wished to drop the City of Fort Worth, Texas as a defendant. *Id*. at 10.

Plaintiff attached a number of documents to his amended complaint and MDS. Am. Compl. (Exhibits) 3, 7–16, ECF No. 21; MDS (Exhibits) 5, 7–9, 14, ECF No. 26.

As part of its screening process, the Court issued an Opinion and Order of Partial Dismissal under 28 U.S.C. § 1915A & 1915(e)(2)(B) and a Rule 54(b) Judgment, dismissing all claims against Sheriff Waybourn and the City of Fort Worth, Texas. Op. and Order, 1–5, ECF No. 27. The Court allowed summons to issue as to Bustos's claims against Tarrant County based on his allegations that "delays in the provision of medical, mental health, and dental care resulted from customs or policies of Tarrant County." *Id*. at 4.

## II.  MOTION TO DISMISS

### A.    Applicable Law

#### 1.    Rule 12(b)(6) Standard

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is generally viewed with disfavor. *Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir.1997). The court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff.

*Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010) (citing *True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009)). Rule 12 must be interpreted in conjunction with Rule 8(a), which sets forth the requirements for pleading a claim for relief in federal court and calls for "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court cannot look beyond the face of the pleadings in resolving a Rule 12(b)(6) motion. *Doe ex rel. Magee v. Covington Cnty., Sch. Dist.*, 649 F.3d 335, 341 (5th Cir. 2011) (explaining that "[w]e examine only the allegations within the four corners of the complaint"), *aff'd on rehearing en banc*, 675 F.3d 849 (5th Cir. 2012). A plaintiff, however, must plead specific facts, not conclusory allegations, to avoid dismissal. *See Schultea v. Wood*, 47 F.3d 1427, 1431 (5th Cir. 1995) (en banc); *see also Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." (citation omitted)). Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

As the United States Supreme Court explained in *Bell Atlantic Corp. v. Twombly*, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face" and his "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." 550 U.S. 544, 555 (2007). Then, in *Ashcroft v. Iqbal,* the Supreme Court clarified that review of a 12(b)(6) motion is guided by two principles: (1) a court must apply the presumption of truthfulness only to factual matters and not to legal conclusions; and (2) only a complaint that states a plausible claim for relief survives a motion to dismiss. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 678–80. If the pleadings fail to meet the requirements of *Iqbal* and *Twombly* no viable claim is stated and the pleadings are subject to dismissal.

2.    Review of Records Incorporated by Plaintiff

Although all well-pleaded facts are viewed in the light most favorable to the plaintiff, *City of Canton, Ark., v. Pilgrim's Pride Corp.*, 623 F.3d 148, 152–53 (5th

- 3 -

Cir. 2010), "[w]here the allegations in the complaint are contradicted by facts established by documents attached as exhibits to the complaint, the court may properly disregard the allegations," *Martinez v. Reno*, No. 3:97-cv-813-P, 1997 WL 786250, at * 2 (N.D. Tex. Dec. 15, 1997) (citing *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

Bustos provided copies of medical and grievance exhibits to his amended complaint and MDS related to his claims. Am. Compl. (Exhibits) 3, 7–16, ECF No. 21; MDS (Exhibits) 4–5, 7–9, 14, ECF No. 26. Bustos relied upon these records and thus incorporated them into his pleadings. Defendant Tarrant County has referenced many of these records in the motion to dismiss and relied upon them in arguing that Bustos has failed to state claims upon which relief may be granted. "Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [his] claim." *Causey v. Sewell Cadillac–Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004); *see also Bosarge v. Miss. Bureau of Narcotics*, 796 F.3d 435, 440–41 (5th Cir. 2015) (recognizing that "medical records attached to a complaint . . . generally trump contradictory allegations in the complaint" (citations omitted)). Therefore, the records to which Bustos has referred in both his amended complaint and MDS have been considered by the Court. *See Causey*, 394 F.3d at 288.

### 3.   Municipal (Governmental) Liability

When Bustos filed this action on a prisoner complaint form, he invoked the Court's federal question jurisdiction by seeking relief against the defendants under 42 U.S.C. § 1983.[1] Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a § 1983 claim, a plaintiff must allege facts that show that he has been deprived of a right secured by the Constitution and the laws of the United States and that the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155–56 (1978); *Cornish v. Corr. Servs.*

---

1."Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."42 U.S.C. § 1983.

*Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

Bustos's remaining claims are against Tarrant County, Texas. Although a county is a "person" within the meaning of § 1983 a municipal government may not be held liable "unless action pursuant to official municipal policy of some nature caused a constitutional tort." *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). The Supreme Court in *Monell* emphasized that a local government entity cannot be held liable under § 1983 on a *respondeat superior* basis:

> [T]herefore . . . a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government entity is responsible under § 1983.

*Id.* at 694. Thus, to the extent Bustos claims that Tarrant County, Texas is responsible to him due to the actions of individual employees, or based upon the actions of medical, mental health or dental personnel that are employed by other entities, on a vicarious liability or *respondeat superior* basis, such claims are without legal merit.[2]

Instead of vicarious liability for the actions of government employees, § 1983 liability attaches against a local government entity only "if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." *Connick v. Thompson*, 563 U.S. 51, 59 (2011) (quoting *Monell*, 436 U.S. at 692); *City of Canton v. Harris*, 489 U.S. 378, 385 (1989) (liability "only where the municipality *itself* causes the constitutional violation at issue") (emphasis in original). An official municipal policy "includes the decisions

---

[2]. As noted, Bustos attached several exhibits to his pleadings. Those records show that JPS (i.e., the Tarrant County Hospital District) provided medical and dental care. *See generally Tarrant Cnty. v. Carter-Jones*, No. 02-17-00177-CV, 2018 WL 547588, at *5 n.7 (Tex. App.—Fort Worth Jan. 25, 2018, no pet.) (mem. op.) ("The Tarrant County Hospital District was created under the authority of the Texas Constitution and chapter 281 of the Texas Health and Safety Code." (quoting *Tarrant Cnty. Hosp. Dist. v. GE Auto. Servs.*, 156 S.W.3d 885, 891 (Tex. App.–Fort Worth 2005, no pet.) (citing Tex. Const. art. IX, § 4; former Tex. Health & Safety CodeAnn. §§ 281.001–.124))). Tarrant County thus notes that JPS Tarrant County Hospital District has a separate legal existence from Tarrant County. Mot. Dismiss 15, n. 6, ECF No. 39. The defendant also points out that MHMR of Tarrant County is a local unit of government, as designated in Texas Health & Safety Code Chapter 534.001, not a state, federal, or county agency. Mot. Dismiss 15, n.7, ECF No. 39. Because Tarrant County, Texas cannot be liable on a vicarious liability basis, the Court need not resolve the exact employment status of the medical providers referenced in the record exhibits attached to Bustos's pleadings.

of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Prince v. Curry*, 423 F. App'x 447, 450 (5th Cir. 2011) (quoting *Connick*, 563 U.S. at 60).

"Allegations of isolated incidents are not sufficient." *Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir. 1992). Moreover, "[t]he description of a policy or custom and its relationship to the underlying constitutional violation . . . cannot be conclusory; it must contain specific facts." *Spiller v. City of Tex. City*, 130 F.3d 162, 167 (5th Cir. 1997) (internal quotations and citation omitted).

4.   Pretrial Detainees Claims Reviewed under the Due Process Clause.

As Bustos filed suit while he was detained in the Tarrant County Jail, it appears he is a pretrial detainee. Compl. 3, ECF No. 2. The basic human needs of pretrial detainees are "protected by the Due Process Clause of the Fourteenth Amendment." *Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 419 (5th Cir. 2017) (citing *Cupit v. Jones*, 835 F.2d 82, 84–85 (5th Cir. 1987)). Due process affords pre-trial detainees with "protections [that are] 'at least as great as . . . those available to a convicted prisoner.'" *Price v. Valdez*, No. 3:16-CV-3237-D, 2017 WL 3189706, at *5 (N.D. Tex. July 27, 2017) (quoting *Hare, v. City of Corinth*, 74 F.3d 633, 638–39 (5th Cir. 1996) (en banc)). Thus, the Fourteenth Amendment requires the state to provide for the basic human needs of pre-trial detainees, including the right to adequate medical care. *Lacy v. Shaw*, 357 F. App'x 607, 609 (5th Cir. 2009) (citing *Hare*, 74 F.3d at 639). "The Fourteenth Amendment guarantees pretrial detainees a right 'not to have their serious medical needs met with deliberate indifference on the part of the confining officials.'" *Dyer v. Houston*, 964 F.3d 374, 380 (5th Cir. 2020) (quoting *Thompson v. Upshur Cnty.*, 245 F.3d 447, 457 (5th Cir. 2001) (citing *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)).

In order to establish a violation of this constitutional right, a detainee must show that the defendants acted with deliberate indifference to his serious medical needs. *Lacy*, 357 F. App'x at 609. To make a claim of deliberate indifference, a plaintiff must demonstrate that the defendant official has actual subjective knowledge of a substantial risk of serious harm, but responds with deliberate indifference to that risk. *Id.* (citing *Hare*, 74 F.3d at 647–48). Such a finding of deliberate indifference, though, "must rest on facts clearly evincing 'wanton' actions on the parts of the defendants." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985); *see also Wilson v. Seiter*, 501 U.S. 294, 297 (1991). In the medical care context, a detainee must show

that the defendant "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Lacy*, 357 F. App'x at 609 (citing *Johnson*, 759 F.2d at 1238). A delay in providing medical care is not a violation of this constitutional right unless it results in substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

Illustrative is the decision in *Anderson v. United States*, where the plaintiff complained that medical staff mis-diagnosed him, failed to order x-rays and did not prescribe pain medications. No. 4:18-cv-0871-O, 2021 WL 4990798, at *7 (N.D. Tex. Oct. 26, 2021). The Court granted the defendant medical personnel's 12(b) motion to dismiss because their medical treatment decisions were "a matter for medical judgment" and, therefore, could not form the basis of a deliberate indifference claim. *Id.* (citing *Brauner v. Coody*, 793 F.3d 493, 499 (5th Cir. 2015) (other citations omitted) .

**B.     Analysis**

1.     <u>Bustos Fails to State Facts of a Constitutional Violation</u>

There can be no municipal liability for Tarrant County, Texas under *Monell* in the absence of an underlying constitutional violation. *See Albert v. City of Petal*, 819 F. App'x 200, 203 (5th Cir. 2020) (noting that because there was no constitutional violation, there can be no *Monell* claims); *Brown v. Wilkinson Cnty. Sheriff Dep't*, 742 F. App'x 883, 884 (5th Cir. 2018) (holding that because the plaintiff failed to demonstrate an underlying constitutional violation, the claims against the county and the officers in their official capacities failed); *Harris v. Serpas*, 745 F.3d 767, 774 (5th Cir. 2014) (upholding the district court's dismissal of the *Monell* claims because the plaintiff had not shown there was a constitutional violation). Here, Bustos's claims fail to plead an underlying constitutional violation.

In the amended complaint, Bustos complained of :

(1) not being prescribed medications he wanted and being assessed by Advanced Practice Registered Nurses and not by a psychiatrist;

(2) not having a follow-up x-ray of his right wrist and examination by physician's assistant and not by a physician; and

(3) delay in having extraction of 4 of his teeth and not being fitted with dentures.

Am. Compl. 2-4, ECF No. 21.  Further, Bustos  specifically alleged the following:

> [T]he Jail does not have physicians or psychiatrists on staff. Plaintiff needs psychiatric treatment by a psychiatrist to receive proper medication, in proper dosages. A nurse practitioner cannot prescribe medications nor do they have the psychological field background to treat a person suffering from mental illness.
>
> Plaintiff needs to be seen by a medical physician. Plaintiff needs follow-up x-rays on his right wrist. A physician assistant does not possess the necessary knowledge or experience of a doctor. Nor can they prescribe medication.
>
> Plaintiff needs to be seen by a dentist to be fitted for dentures. Plaintiff had his last four teeth extracted on July 15, 2021. Three of those teeth were broken off at the gum line. Ten months of repeated requested treatment and waiting to be seen was very painful.

*Id.* In the MDS, Bustos  essentially repeats the claims above regarding care and treatment for mental health and dental conditions. MDS 3, 6, 10, ECF No. 26.

I.      Medical Care.

In response the Court's questions in the Order for an MDS regarding his medical claims, Bustos abandoned those claims, answering as follows to Questions 6, 6(A), 6(B), 6(C):

> Plaintiff would amend his complaint to drop the "Medical Department" from his petition. Plaintiff intends to pursue this portion of his complaint separately at a later date when expert medical opinions can be obtained. Plaintiff keeps the "Dental Department" and the "MHMR Department" as primary defendants.

MDS 12, ECF No. 26.

But even were the Court to examine Bustos's medical care allegations, he has otherwise failed to state a constitutional claim. First, Bustos did not state or describe any "serious medical need" or condition as to his wrist. "A serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required." *Gobert*, 463 F.3d at 345 n. 12.

Second, Bustos alleged that he needed a physician to order follow up x-rays

on his right wrist. Am. Compl 2, ECF No. 21. He complained about being seen by a physician assistant and erroneously alleged that physician assistants cannot prescribe medications.  Am. Compl. 2-4, ECF No. 21.  This is a complaint about Bustos's disagreement with who treated him—not that he was denied medical treatment or that anyone acted with deliberate indifference. *See Anderson*, 2021 WL 4990798, at *7.

## II.     Mental Health Care.

As to the "denied" mental health care claim, Bustos complained about not seeing a psychiatrist but instead being treated by a nurse practitioner. Am. Compl. 2, ECF No. 21.  Bustos contends that nurse practitioners cannot prescribe medications. Bustos's attached exhibits show that Tarrant County Sheriff's Office ("TCSO") provided both timely mental health (and other) care to Bustos. *Id.* at 3,  8. Also, TCSO specifically informed Bustos he would be seen quicker by nurse practitioners (mental) and physician assistants (medical) and his insistence to only be seen by doctors would delay his care. *Id.* at 3.

Bustos does not allege a serious mental health care need or deliberate indifference toward that claimed mental health care need, and his complaints represent his disagreement about who provided his mental health care (care that Tarrant County attempted to provide to him with staff through MHMR), not that Bustos was denied mental health treatment. *See Anderson*, 2021 WL 4990798, at *7.

## III.    Dental Care.

With regard to dental care, Bustos complained about the timing of his tooth extractions and the alleged need to be fitted for dentures after he had four teeth removed. Am. Compl. 4, ECF No. 21. Bustos attached a document showing that TCSO told him how to make a request for dental services. *Id.* at 12. Bustos attached another document showing that a dentist examined him. MDS (Exhibit) 9, ECF No. 26. Dr. Keon Anderson, DDS noted that four (4) teeth were "painful to percussion and palpitation with large decay" but did not note urgent medical conditions. Plaintiff admitted that a dentist extracted four (4) teeth. *Id.* at 6.

While Bustos complained about the delay in the tooth extractions, he does not allege that the timing of the tooth extractions went against any medical standard or that his request for dentures was medically necessary. Am. Compl. 4, ECF No. 21. Bustos admits that he was reviewed based on his complaint of tooth pain—meaning

- 9 -

that dental professionals took into account his complaints in light of all the other inmates in the jail to determine what treatment needed to be prioritized. MDS 6, ECF No. 26.

Again, Bustos does not allege a serious dental need or deliberate indifference toward that claimed dental need, and his complaints about being examined represent his disagreement about the dental professional's judgment about when and whether tooth extractions/dentures were medically necessary, not that Bustos was denied dental treatment. *See Anderson*, 2021 WL 4990798, at *7.

In all three situations, Bustos does not allege that non-medical jail staff or Tarrant County itself acted with deliberate indifference. Bustos's pleadings contain generalized allegations concerning medical, mental health, and dental personnel and the nature and timing of the treatment each professional provided. Am. Compl., ECF No. 21; MDS, ECF No. 26. Bustos has not alleged that Tarrant County's Sheriff, jail administrators, or jail employees made decisions about what medications to prescribe inmates and whether and when to perform procedures. Nor did Bustos allege that Tarrant County's Sheriff, jail administrators, or jail employees ignored or denied any medical, mental health, or dental care recommendations.

Rather, Bustos's complaints concern decisions and professional judgment of medical personnel. He was seen by at least three (3) Advance Practice Registered Nurses on several dates and his records were at least reviewed by a physician, D.O. and a psychiatrist, M.D. Am. Compl. 3, 8, 12, ECF No. 21; MDS 4–5, 7–9, ECF No. 26. Bustos was provided with dental treatment and care, including extractions, by a licensed dentist. MDS, 9, ECF No. 26. Bustos does not allege that a medical recommendation was made that he be fitted with dentures or that any recommendation was ignored or denied by Tarrant County Jail administrators. ECF Nos. 21, 26. Although Bustos wanted different medications than he was prescribed for his mental health condition, wanted to be seen by different types of medical/mental health professionals, and wanted dental treatment sooner than he received, the timing and nature of treatment that he received are matters within the professional medical judgment of the persons who provided that care to Bustos.

Bustos's pleadings and attached documents show that Tarrant County provided him with access to medical, dental, and mental health care providers, who exercised their medical judgment in assessing and treating him. ECF Nos. 21, 26. Tarrant County was entitled to rely on those providers' professional medical, mental health,

- 10 -

and dental care judgment. As such, after this extensive review, the Court concludes that Bustos has not pleaded an underlying constitutional violation of deliberate indifference against Tarrant County.

    2. <u>Failure to Sufficiently plead a *Monell* Municipal Liability Claim</u>

      I. No municipal policy or custom.

   Furthermore, and additionally, Bustos has not pleaded sufficient facts to state a claim of municipal liability under the controlling precedent of *Monell*: "(1) an official policy (or custom), of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy (or custom)." *Pineda v. City of Hous.*, 291 F.3d 325, 328 (5th Cir. 2002). Each of these elements is critical to a successful claim. *Piotrowski v. City of Hous.*, 237 F.3d 567, 578 (5th Cir. 2001). And as noted, a policy or custom and its relationship to the underlying constitutional violation " cannot be conclusory; it must contain specific facts." *Spiller*, 130 F.3d at 167 (citation omitted).

   The policy or custom prong can be pleaded in two ways. "First, a plaintiff may point to a policy statement formally announced by an official policymaker." *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 168 (5th Cir. 2010) (citing *Webster v. City of Hous.*, 735 F.2d 838, 841 (5th Cir. 1984) (en banc)). Alternatively, a plaintiff can offer evidence of a "persistent widespread practice of [county] officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Id.* at 169 (quoting *Webster*, 735 F.3d at 841); *see also id.* ("A customary policy consists of actions that have occurred for so long and with such frequency that the course of conduct demonstrates the governing body's knowledge and acceptance of the disputed conduct") (citing *Webster*, 735 F.3d at 842). Such "[a] pattern is tantamount to official policy." *Peterson v. City of Fort Worth*, 588 F.3d 838, 850 (5th Cir. 2009).

   In the Order for MDS, the Court specifically directed Bustos to state facts about Tarrant County policies or customs. Order for MDS 2, ECF No. 23. Bustos failed to point to a policy statement formally announced by an official policymaker or any widespread practice representing a custom or policy. *See Zarnow*, 614 F.3d at 168. Instead, Bustos offered speculative and erroneous statements about who can prescribe medications and he only made allegations about himself and his own

- 11 -

treatment. MDS 3-10, ECF No.26.  Having only pleaded in conclusory fashion, without alleging any specific facts beyond his own isolated situation, Bustos has not sufficiently pleaded *Monell's* policy/custom element. *See Spiller*, 130 F.3d at 167 (finding as conclusory and insufficient an allegation that "[the officer] was acting in compliance with the municipality's customs, practices or procedures"); *see also Ratliff v. Aransas Cnty., Tex*., 948 F.3d 281, 284–85 (5th Cir. 2020) (restating that "*Monell* pleadings must contain sufficient factual matter").

II.      No Policymaker**.**

Bustos also fails to identify a policymaker.  First, because Bustos has not identified a custom or practice, it follows that he has not stated that a policymaker promulgated an unconstitutional custom or practice. Moreover, Bustos has otherwise failed to identify a specific policymaker possessing both policy-making authority and actual or constructive knowledge of the alleged custom.

A sheriff can act as  a  policymaker with respect to certain law enforcement functions, such as keeping inmates in a jail. *See, e.g., Turner v. Upton Cnty., Tex*., 915 F.2d 133, 136 (5th Cir. 1990); Tex. Loc. Gov't Code § 351.041(a) ("The sheriff of each county is the keeper of the county jail."). In order to impose *Monell* liability, Bustos is required to allege facts showing the policymaker's knowledge of the alleged custom or policy at issue.

As this Court has previously observed, "[a]lthough the Fifth Circuit has held courts should not grant motions to dismiss for failing to plead a specific identity, the Fifth Circuit has also affirmed dismissal of a *Monell* claim when the allegations invited no more than speculation that any particular policymaker, be it the chief of police or the city commission, knew about the alleged custom." *Arreola v. City of Fort Worth*, 4:17-CV-00629-P, 2020 WL 3404120, at *11 (N.D. Tex. June 19, 2020) (citing *Peña v. City of Rio Grande City*, 879 F.3d 613, 623 (5th Cir. 2018)).

When asked about the facts "any action or personal involvement" of Sheriff Waybourn with the events the basis of this action, Bustos admitted that he "has no personal knowledge of Sheriff Waybourn being personally involved with any of the allegations." MDS 16, ECF No. 26. As a result, the  Court dismissed Sheriff Waybourn as a defendant. Op. and Order 3–4, ECF No. 27. But, Bustos's admission also shows that he has not associated Sheriff Waybourn, as a policymaker, with the alleged custom or policy of which he complains (i.e., the alleged denial/delay in

- 12 -

receiving medical, mental, and dental care in the jail).

As in the *Peña* and *Arreola* cases, Bustos failed to plead that Sheriff Waybourn, or any other alleged policymaker, had knowledge of an alleged custom specifically pertaining to the provision of medical, mental, and dental care in the jail, which caused similar damages/injuries to other inmates beyond Bustos. Thus, Bustos has failed to state facts to identify a policymaker.

### III. No Pleading that Policy was "moving force."

Finally, Bustos has failed to plead that the custom or policy in question was the moving force behind the underlying constitutional violation. For a municipal custom to be found as the "moving force" behind a constitutional deprivation, there first "must be a direct causal link between the municipal policy [or custom] and the constitutional deprivation." *Piotrowski*, 237 F.3d at 580. This causal link between custom and constitutional violation "must be more than a mere 'but for' coupling between cause and effect." *Fraire*, 957 F.2d at 1281. The Fifth Circuit has emphasized that this requirement "must not be diluted, for where a court fails to adhere to rigorous requirements of culpability and causation, municipal liability collapses into *respondeat superior* liability." *Piotrowski*, 237 F.3d at 580 (internal quotations and citations omitted).

In his amended complaint and MDS, Bustos fails to allege facts to show a causal link between his alleged injuries and any alleged unconstitutional custom or policy. *See Okla. City v. Tuttle*, 471 U.S. 808, 823 (1985) ("[A] direct causal connection must exist between the policy and the alleged constitutional deprivation. This connection must be more than a mere 'but for' coupling between cause and effect."). Instead, Bustos's pleadings rely on his allegations about his isolated situation and conclusory insinuations about undescribed customs and policies. MDS 3–10, ECF No. 26. Such "insinuations do not meet the required standard of alleging a direct causal relationship at a level surpassing a mere but-for coupling of cause and effect." *Harmon v. City of Arlington, Tex.*, 478 F. Supp. 3d 561, 575 (N.D. Tex. 2020) (citing *Fraire*, 957 F.2d at 1281).

For all of these reasons, Bustos has failed to sufficiently state a claim upon which relief may be granted, such that the motion to dismiss under Rule 12(b)(6) of Tarrant County, Texas must be granted, and Bustos's remaining claims against Tarrant County must be dismissed.

### III.    CONCLUSION AND ORDER[3]

It is therefore  **ORDERED** that the motion to dismiss for failure to state a claim under Rule 12(b)(6) of defendant Tarrant County, Texas (ECF No. 39)  is **GRANTED** such that all plaintiff Delbert Mark Bustos's remaining claims against tarrant County, Texas are **DISMISSED WITH PREJUDICE.**

**SO ORDERED** on this **18th day** of **October, 2022.**

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE

---

[3] Also pending are Bustos's motions for jury trial and for appointment of counsel. ECF Nos. 44, 45.  Because all claims have now been dismissed, these motions are **DENIED** as moot.

- 14 -